Ex Parte Agrinsoni et al.

## Appeal from the District Court of San Juan.

No. 40.—Decided November 1, 1906.

Habeas Corpus—Confinement of ·Petitioner in a Penal Institution Outside of District.—The fact that the penal institution in which a defendant must be confined is situated outside of the district over which the court sentencing him has jurisdiction is not sufficient to warrant his discharge on *habeas corpus,* inasmuch as the director of prisons is empowered to determine the places at which prisoners shall be confined, and where he orders the transfer of prisoners to a jail outside of the district in which they were convicted, in the absence of a showing to the contrary, it will be presumed that he acted within the limits of his authority.

Id.—Assault and Battery.—Where a person assaults a policeman with a knife and a stick the act constitutes assault and battery with aggravating circumstances, and therefore persons convicted of this crime cannot be discharged from imprisonment on the ground that the fact constitutes a crime against the executive power.

Id.—Grounds on Which Application is Based Not Supported by the Facts.—Where the grounds upon which an application for *habeas corpus* is based are not supported by the evidence, the same will receive no consideration whatever.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

Mr. Justice Wolf delivered the opinion of the court.

In this case the District Court of San Juan, in its opinion, among other things, said the following:

"The court has carefully examined the petition, the pleadings, the proofs and the arguments and thinks that in this case a writ of *habeas corpus* does not lie.

"The petition is founded on three grounds. The first is that the warden of the jail of San Juan, in Arecibo, is not the official legally authorized to keep the prisoners in his custody. The only abnormal thing is that the warden of the San Juan jail is not in San Juan, but in Arecibo. But this as has been proved is due to the fact that the building in which the jail of this district was located has been sold by its owner, the municipality of San Juan, and that the Insular ·Government has not as yet found another appropriate one. We do not

think that this is a reason for ordering the petitioners to be set at liberty.

"With respect to the second ground, namely, that the trial court has exceeded its jurisdiction inasmuch as the facts contained in the complaint show a crime committed against the executive power, which belongs to the jurisdiction of the district court, we do not think that such a state of things has been demonstrated. The complaint as shown by the judge in his deposition was for 'assault and battery with aggravating circumstances,' and the sentences as shown by the return of the writ, also were for that crime. The acts charged to the accused, referred to by the judge in his deposition, also show the existence of such crime because the assault and battery of an insular policeman with a knife and a stick could validly be considered as assault and battery.

"And with respect to the third ground, namely, that the substantial rights of the accused have been violated by being twice put in jeopardy for the same crime, no proof has been made of the same and we have therefore no means of considering it."

We agree with the reasoning of the court, especially with respect to the second and third grounds. In regard to the first ground it may be added that it seems to us, under chapter 13 of the Political Code the director of prisons has ample authority to regulate the prisons of the Island and the whereabouts of the prisoners. There are cases in which his action has to be approved by some person or body, but in the absence of any showing to the contrary it may be presumed that such director, in transferring the petitioners to the District Jail of Arecibo acted within his powers or with due authority. He is the person charged with the responsibility for the prisoners of the Island.

For these reasons the action of the District Court of San Juan in dismissing the petition must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.